Lawrence HAMM, Appellant,

v.

The STATE of Texas, Appellee.

No. 48741.

Court of Criminal Appeals of Texas.

July 17, 1974.

Rehearing Denied Sept. 18, 1974.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, William W. Burge & H. E. Bert Graham, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This is an appeal from an order revoking probation.

On March 18, 1971, appellant waived trial by jury and entered a plea of guilty before the court to the offense of unlawful possession of marihuana. Punishment was assessed at ten (10) years; however, the imposition of sentence was suspended and appellant was placed on probation.

The State's second amended motion to revoke probation alleged that appellant violated his probation in that he committed the offense of felony theft against Grace Gonzales in Harris County on or about October 27, 1972.

Mrs. Gonzales testified that on October 27, 1972, she loaned her car to her son in order that he might attend school. That morning at approximately 10:30, she saw her car parked in the Weingarten's parking lot, where her son ordinarily parked the car while attending school. At approxi-

mately 11:30 that morning, she came back by the parking lot and noticed that her car was missing. She testified that she did not give appellant her consent to take her automobile. At approximately 12:45 that afternoon, it was shown that Houston Police Officer Robbins arrested appellant while appellant was driving Mrs. Gonzales' automobile.

■ By his first ground of error, appellant contends that the trial court abused his discretion in that the evidence is insufficient to sustain the revocation. We disagree. Appellant was found in the unexplained recent possession of stolen property. This was sufficient. Smith v. State, 472 S.W.2d 121 (Tex.Cr.App.1971); Dodd v. State, 485 S.W.2d 556 (Tex.Cr.App. 1972).

■ By his second ground of error, appellant contends that the trial court erred in cumulating the sentence in the instant cause with the sentence in Cause No. 192094 for the reason that the conviction in Cause No. 192094 was not a final conviction, but was pending on appeal. However, we have held that an order of cumulation is not rendered invalid because sentences to which it was made cumulative were not final because notice of appeal had been given. Jackson v. State, 449 S.W.2d 242 (Tex.Cr.App.1970); Holcomb v. State, 484 S.W.2d 929 (Tex.Cr.App.1972), certiorari denied, 410 U.S. 940, 93 S.Ct. 1404, 35 L.Ed.2d 606 (1973).

The cumulation order contained in the sentence reads: "Sentence to begin when sentence in Cause Number 192094 ceases to operate."

The appellant does not challenge the validity of the cumulation order on appeal. It is the State that raises the possibility that this Court shall amend the cumulation order to include other specific recitals to avoid any question of invalidity of the said order.

The record shows that the State filed a written motion to cumulate sentences alleging that the appellant had been convicted on July 18, 1973 of felony theft in Cause No. 192094 in the 178th District Court where the instant case took place.

A hearing on such motion was held and there were introduced the certified copies of the judgment and sentence in said Cause No. 192094, which supported the allegations of the motion when taken with the testimony of the prosecuting attorney who had prosecuted Cause No. 192094, identifying appellant as the defendant in said Cause No. 192094 in the 178th District Court. The cumulation order was entered thereafter.

■ This Court has repeatedly pointed out that any order of cumulation should give:

1. The number of the prior conviction,

2. The correct name of the court in which the prior conviction was had,

3. The date of the prior conviction, and

4. The term of years assessed in the prior case.

See, e. g., Ex parte Hamilton, 163 Tex.Cr. R. 283, 290 S.W.2d 673 (1956); Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177 (1951). And it has further been observed it would be desirable to include in such order the offense for which the prior conviction was had. Ex parte Lewis, 414 S.W.2d 682 (Tex.Cr.App.1967); Ex parte March, 423 S.W.2d 916 (Tex.Cr.App.1968).

However, this Court said in Ex parte March, supra;

"Further, this Court has held sufficient cumulation orders although reference is made only to the previous cause number provided the order was in the same court as the sentence to which it is made cumulative. Ex parte Lewis, supra; Ex parte Ogletree, 168 Tex.Cr.R. 429, 328 S.W.2d 446; Ex parte Lee, 161 Tex.Cr. R. 398, 278 S.W.2d 137. While such form is certainly not to be recommended, it has been held that the rule of certain-

ty as to the beginning and ending of each sentence is not so strict as it is when the sentences sought to be cumulated are from different courts. Ex parte Hatfield, 156 Tex.Cr.R. 92, 238 S. W.2d 788; Ex parte Johnson, 153 Tex.Cr. R. 114, 218 S.W.2d 200; Ex parte Snow, 151 Tex.Cr.R. 640, 209 S.W.2d 931."

While the cumulation order in the instant case is not in the most desirable form, we conclude that it is sufficient in light of the record before us. See Ex parte March, supra, and Hammond v. State, Tex.Cr.App., 465 S.W.2d 748. We do not deem it necessary to consider the question of this Court's authority to amend such order of cumulation.

A copy of this opinion shall be furnished the Texas Department of Corrections.

The judgment is affirmed.

Opinion approved by the Court.