NUMBER 13-01-570-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




 VICTOR ROGERS BELL , Appellant, 



v.




THE STATE OF TEXAS , Appellee.




On appeal from the 252nd District Court

of Jefferson County, Texas.





O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Baird (1)

Opinion by Justice Baird




 Appellant was charged by indictment with the offense of possession of a controlled substance, namely cocaine. The
indictment further alleged three prior felony convictions for the purpose of enhancing the range of punishment. A jury
convicted appellant of the charged offense. Appellant pled true to the enhancement allegations. The jury found those
allegations true and assessed punishment at confinement for life in the Texas Department of Criminal Justice--Institutional
Division. The trial judge subsequently ordered this sentence to run consecutively with a prior sentence. We affirm.

I. Anders Brief.


 Counsel has filed an Anders brief. Anders v. California, 386 U.S. 738 (1967). Counsel states that he has reviewed the
reporter's record and the clerk's record in this case, that he has researched the applicable statutory and decisional authority,
and that he has found no reversible error and no arguable grounds of error for purposes of appeal. The State has filed a
brief concurring with this assessment. We find counsel has presented a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). We too
have carefully reviewed the appellate record and have found no reversible error or any arguable point(s) of error for appeal.

II. Appellant's Pro Se Brief.

 Appellate counsel notified appellant of his right to review the court reporter's and clerk's records, and to file a pro se brief. 
Appellant has filed a pro se brief raising eight points of error. For the following reasons, we hold that brief does not raise
any meritorious points of error.

 The first point of error contends trial counsel was ineffective in failing to raise a Batson challenge. Batson v. Kentucky,
476 U.S. 79, 89 (1986). Following voir dire, trial counsel did not make a Batson motion after the State exercised its
peremptory strikes. The record is silent for that period of time between the conclusion of voir dire and the jury being
sworn. Appellant's brief contains an affidavit stating that his jury was all white and lists several veniremembers who he
alleges were African-American and were systematically excluded. Allegations of ineffective assistance of counsel will be
sustained only if they are firmly founded and affirmatively demonstrated in the appellate record. McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996);Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus Christi 2000, pet. ref'd).
Assertions or attachments in an appellate brief that are not supported by the record will not be considered on appeal. 
Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App.1981); Paez v. State, 995 S.W.2d 163, 171-72 (Tex. App.-San
Antonio 1999, no pet.); Miranda v. State, 813 S.W.2d 724, 738 (Tex. App.-San Antonio 1991, pet. ref'd). Because the
appellate record does not support appellant's claim regarding the veniremembers struck or the reason those strikes, if any,
the appellate record does not demonstrate that trial counsel was ineffective. Accordingly, the first point of error is
overruled. (2)

 The second point of error contends trial counsel was ineffective in failing to object to the trial judge, The Honorable Larry
Gist, who presided over appellant's trial. The trial occurred in the 252nd Judicial District Court of Jefferson County. The
Honorable Leonard Giblin, Jr., is the presiding judge of that court.

 It has long been a part of our appellate procedure to "indulge every presumption in favor of the regularity of the
proceedings and documents" in the trial court. McCloud v. State, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975). The
presumption of regularity is a judicial construct that requires a reviewing court, "absent evidence of impropriety," to
indulge every presumption in favor of the regularity of the trial court's judgment. Light v. State, 15 S.W.3d 104, 107 (Tex.
Crim. App. 2000). The burden is on the defendant to overcome the presumption. Dusenberry v. State, 915 S.W.2d 947,
949 (Tex. App.-Houston [1st Dist.] 1996, pet. ref'd). Appellant concedes the record is silent on this subject. Therefore, for
the reasons stated in the first point of error, the record will not support a claim of ineffective assistance of counsel for the
failure to object to Judge Gist presiding over appellant's trial. Accordingly, the second point of error is overruled. (3)

 The third and fourth points of error are directed at the testimony of Charlyn Voight, the chemist. Appellant contends trial
counsel was ineffective in failing to move for dismissal because Voight could not testify to the quantity of the alleged
cocaine. However, this contention is not supported by the record. During her direct examination, Voight testified as
follows:

 Q. State's Exhibit Number 9, what does Stat Exhibit Number 9 contain?



 A. Cocaine base.



 Q. And including adulterants and dilutants what was the total weight of State's Number 9.



 A. 3.21 grams.



IV, 53

Accordingly, the third point of error is overruled.

 The fourth point of error contends the trial court erred in overruling trial counsel's objections to Voight's testimony because
she did not meet the standard for scientific testimony required by Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579
(1993). Under Daubert and Texas Rule of Evidence 702, "the trial judge must ensure that any and all scientific testimony
or evidence admitted is not only relevant, but reliable." Id. at 589. The Daubert Court set out the following checklist for
trial judges when considering the admissibility of expert scientific testimony:

 (1) whether the theory or technique can be (and has been) tested; 



 (2) whether the theory or technique has been subjected to peer review and publication; 



 (3) what is the known or potential rate of error for any tests or techniques; and 



 (4) whether there is general acceptance in the relevant scientific community.



Id. at 593-94 (citations omitted).

 An appellate court will not disturb a trial court's determination that a witness is or is not qualified as an expert unless an
abuse of discretion is shown. Morales v. State, 32 S.W.3d 862, 865 (Tex. Crim. App. 2000).

 During Voight's testimony, trial counsel objected several times. Those initial objections were sustained. Trial counsel also
questioned Voight on voir dire to challenge her testimony. Eventually, the trial judge overruled trial counsel's objections
and permitted Voight to testify the substance seized was cocaine, a controlled substance, as alleged in the indictment and
weighing 3.21 grams. While the State was less than artful in laying the predicate for Voight's testimony, the predicate was
eventually established. Therefore, we cannot say the trial judge abused his discretion in permitting Voight's testimony. 
Accordingly, the fourth point of error is overruled. (4)

 The fifth point of error contends the trial judge erred in stacking appellant's sentence on the sentence in cause no. 79298. (5) 
Appellant contends the sentences could not be stacked because the sentence in 79298 was not final. Appellant mistakenly
believes that the finality requirement of Section 12.42 of the Penal Code applies to article 42.08 of the Code of Criminal
Procedure. However, article 42.08 permits a trial judge to stack sentences even though the first sentence is not final.
Garcia v. State, 537 S.W.2d 930 (Tex. Crim. App. 1976); Hamm v. State, 513 S.W.2d 85 (Tex. Crim. App. 1974). The
fifth point of error is overruled.

 The sixth point of error contends trial counsel was ineffective in failing to object to appellant being sentenced as an
habitual offender. This argument is premised upon the argument raised in the third point of error, namely that Voight did
not testify regarding the weight of cocaine appellant allegedly possessed. However, as noted above, Voight testified the
cocaine weighed 3.21 grams. Possession of that amount of cocaine is a third degree felony. Tex. Health & Safety Code
Ann. § 481.115(c) (Vernon Supp. 2002). Such an offense is subject to being enhanced to the status of an habitual offender. 
Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2002). Accordingly, the sixth point of error is overruled.

 The seventh point of error contends the evidence is legally and factually insufficient to support the jury's verdict. Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). However, both of
these arguments are premised upon the earlier argument that Voight did not establish the weight of the cocaine allegedly
possessed by appellant. For the reasons stated above, these arguments are also rejected. The seventh point of error is
overruled.

 Finally, appellant contends appellate counsel was ineffective for filing an Anders brief. This point of error is premised
upon one or more of appellant's pro se points being meritorious. For the reasons stated above, we have not found any merit
in the preceding points of error. Accordingly, the eighth point of error is overruled.

 

CHARLES BAIRD,

Justice



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 17th day of April, 2003.

 

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant argues, in the alternative, that we abate this appeal for the development of the record in the trial court. This
we will not do, but we note that appellant may again raise this issue by way of habeas corpus. Ex parte Varelas, 45 S.W.3d
627 (Tex. Crim. App. 2001).

3. We further note that appellant couches his argument within article 30.08 of the Code of Criminal Procedure. However,
that article deals with the trial judge being disqualified; there is no showing from any source that Judge Gist was
disqualified under article 30.01. See Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2002).

4. In connection with these points of error, appellant argues the trial judge admitted State's exhibit 10, rather than State's
exhibit 9 which was the alleged cocaine. While it is true that the trial judge initially incorrectly referred to the exhibit as
State's exhibit 10, he later corrected himself. III, 50 

5. Although the trial judge stated the sentence in the instant case would be stacked onto three separate sentences, only
cause no. 79298 is listed on the judgment.