NO. 07-03-0226-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 2, 2004
_____

FREEMAN JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;

NO. 15,558 ; HON. BRITT PLUNK, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Freeman Jones appeals his conviction for possessing a controlled substance. His two issues involve the trial court's decision to 1) stack his sentence on top of a sentence arising from a federal conviction and 2) refuse to inform the jury, in response to a jury note, that the trial court had discretion to stack or cumulate the sentences. We modify the judgment and affirm it as modified.

### Background

Appellant was convicted in federal court, in cause number 1:02CR51, for possessing "with intent to distribute" crack cocaine. This federal conviction, according to the record,

was based upon the same facts underlying the trial and conviction from which this appeal arose. And, it resulted in a sentence of 71 months in a federal penitentiary.

Thereafter, appellant was tried and convicted, in the courts for the State of Texas, of possessing cocaine. While the jury deliberated punishment, it sent the trial court a note asking, among other things, if "the federal sentence [would] be served at the same time as the state sentence or one after the other?" The trial court responded by directing the jury to strictly follow the court's charge on punishment. Appellant objected to this response. He acknowledged that whether to cumulate sentences was not a topic "within the province of the jury." Nonetheless, he believed that the jurors had "the lawful right to know whether this court does have the ability [to cumulate sentences] not whether they [sic] would but whether the Court has the ability to cumulate a sentence." The objection was overruled.

Eventually, the jury returned a sentence of ten years imprisonment. Before that sentence was pronounced by the judge in open court, the State re-urged a previous motion wherein it sought to have appellant's state sentence run consecutively to that arising from the federal prosecution. The trial court granted the motion and ordered that "this 10-year sentence . . . run as a cumulative sentence to the federal sentence that you're currently serving." In making this pronouncement, the trial court did not mention the particular cause number assigned to the federal prosecution, the particular federal court in which appellant was tried, convicted and sentenced, the length of the sentence, or the date on which it was imposed. Nor were these matters contained in the written judgment memorializing the trial court's oral pronouncement. Indeed, with regard to the cumulation of sentences, the judgment simply read that "[t]his sentence shall run consecutive [sic] to the case specified below" and "[t]he court orders that the sentence in this conviction shall run consecutively

2

and shall begin only when the judgment and sentence in the following case has ceased to operate." No particular cause, conviction or sentence was either "specified below" or referenced as the "following case" in the judgment.

### *Issue One - Accumulation Order*

Appellant initially contends that the trial court failed to provide a "description of prior convictions which gives sufficient notice to the defendant or the Texas Department of Corrections and fails to support the validity of the oral cumulation order made in open court." Because of this, he continues, the federal and state sentences should be made to run concurrently. We sustain the issue.

According to the Texas Court of Criminal Appeals, "if a judge wants to 'stack' a defendant's sentences so that they run consecutively . . . he must make such an order at the time and place that sentence is orally pronounced." *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). Furthermore, to be valid, the order "should be sufficiently specific to allow the Texas Department of Criminal Justice-Institutional Division . . . to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). And, whether this standard is met can be determined through the consideration of such things as 1) the cause number of the prior conviction, 2) the correct name of the court from which the prior conviction emanated, 3) the date of the prior conviction, and 4) whether the term of years assessed in the prior conviction was mentioned by the trial court. *Id.* So too is it suggested that the order include a description of the prior offense for which the accused was convicted. *Hamm v. State*, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974). These factors are guides used to reach

3

the answer; the information to which they allude, however, need not be in the pronouncement if the pronouncement nonetheless gives the Department of Criminal Justice sufficient information to identify the prior conviction involved. *Id.*

As previously mentioned the trial court pronounced, in open court, that the ten years imposed would "run as a cumulative sentence to the federal sentence that you're currently serving." Yet, it made no mention of the particular court from which the prior conviction emanated, the length of that sentence, the cause number assigned to that prosecution, or the term of years assessed. Nor was this information included in the written judgment manifesting the oral pronouncement. *See Ex parte Madding*, 70 S.W.3d at 135 (stating that a trial court's pronouncement of sentence is oral while the judgment is merely the written declaration of the oral pronouncement and when the oral pronouncement and written judgment differ, the former controls). Nor was a copy of the judgment manifesting the federal sentence admitted into evidence. And, while the prosecutor alluded to a particular cause number and length of sentence in its oral motion during the punishment stage of the trial, nothing was said about the specific federal court from which the conviction emanated nor of the state, federal district or federal division in which that court sat.

Similarly missing is evidence illustrating that the assignment of a cause number to one federal prosecution bars other federal courts in different states, districts, and divisions from using the same number. So, it cannot be said, based on the record before us, that simply mentioning a cause number allows one to identify the particular action or court in which it pends or pended. Indeed, had the same trial court sentenced the appellant on both occasions, then mention of the cause number alone may have sufficed. *Hamm v.*

4

*State*, 513 S.W.2d at 86-87 (so holding). Yet, more certainty is required than that when, as here, the convictions arise from different courts. *Id., quoting Ex parte March*, 423 S.W.2d 916 (Tex. Crim. App. 1968); *see Ex parte Lewis*, 414 S.W.2d 682, 683-84 (Tex. Crim. App. 1967) (striking a cumulation order when it merely referred to the cause number since the two convictions came from different courts).

As said by our Court of Criminal Appeals in *Stokes v. State*, 688 S.W.2d 539 (Tex. Crim. App. 1985), "'[a] sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof.'" *Id.* at 540, *quoting Ex parte Lewis*, 441 S.W.2d 682 (Tex. Crim. App. 1967) (involving a prosecution wherein sentences were to be stacked).[1] Looking to the oral pronouncement and written judgment manifesting it at bar, we conclude that neither provide information sufficiently specific to permit the Texas Department of Criminal Justice–Institutional Division to identify the prior sentence contemplated by the trial court. Accordingly, the judgment will be modified to redact allusion to the cumulation of sentences.[2] *See Collifower v. State*, No. 02-03-0366-CR,

---

[1] It makes sense for the judgment to disclose the pertinent information because the Department of Criminal Justice will most likely not have the record of proceedings (*i.e.* clerk's and reporter's records) before it.

[2] We note various opinions wherein two of our sister courts have required the appellant to show harm as a condition to succeeding in its argument. *See Hoitt v. State*, 30 S.W.3d 670, 675-76 (Tex. App.–Texarkana 2000, pet. ref'd.) and *Saenz v. State*, No. 12-00-0378-CR, 2002 Lexis 5162 (Tex. App.–Tyler 2002, no pet.) (not designated for publication). In so holding, each cites a statement in *San Migel* as support for its decision. The statement consisted of the Court of Criminal Appeals saying "the applicant must show that the cumulation order was not sufficiently specific and he was harmed by this lack of specificity," and it must be shown that the Texas Department of Criminal Justice "is not properly cumulating his sentences in order for a cumulation order to be found void." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). Yet, the *San Migel* court took caution to note that the matter before it came by way of habeas corpus, not direct appeal. This is of import since one seeking to affect a conviction via habeas must show harm. *Ex parte Millard,* 48 S.W.3d 190, 192 (Tex. Crim. App. 2001). The same is not true on a direct appeal, however. In the latter circumstance, according to the Court of Criminal Appeals, it is not the obligation of the appellant to illustrate harm. *Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). And, we have no authority to ignore that rule or create exceptions to it without prior directive from our Court of Criminal Appeals.

2004 LEXIS 10467 (Tex. App.–Fort Worth November 18, 2004) (not designated for publication) (wherein the trial court modified the judgment to exclude language referring to the cumulation of sentences when the oral pronouncement failed to meet the standard in *San Migel*).

### *Issue Two – Jury Question*

Through his last issue, appellant asserts that the trial court erred in refusing to tell the jury that it (the trial court) had the authority to order appellant's state sentence to not begin to run until he completed the federal sentence. We overrule the issue.

Whether to cumulate a sentence lies within the discretion of the trial court, not the jury. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2004-2005); *Stokes v. State*, 688 S.W.2d at 540. Because it does, it is not a matter of which the trial court must inform the jury. *Peterson v. State*, No. 01-02-00603-CR, 2003 LEXIS 9734 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd) (not designated for publication) (holding that it was not error for the trial court to refuse to instruct the jury on stacked sentences since whether to cumulate sentences lies within the discretion of the trial court).

Accordingly, we modify the judgment to remove all reference to appellant's sentence running consecutively to any other, order the sentences to run concurrently, and affirm the judgment as modified.


Brian Quinn
Justice


Do not publish.


6