NO. 07-03-0226-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 2, 2004


______________________________



FREEMAN JONES, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;



NO. 15,558 ; HON. BRITT PLUNK, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Freeman Jones appeals his conviction for possessing a controlled substance. His
two issues involve the trial court's decision to 1) stack his sentence on top of a sentence
arising from a federal conviction and 2) refuse to inform the jury, in response to a jury note,
that the trial court had discretion to stack or cumulate the sentences. We modify the
judgment and affirm it as modified.

Background


 Appellant was convicted in federal court, in cause number 1:02CR51, for possessing
"with intent to distribute" crack cocaine. This federal conviction, according to the record,
was based upon the same facts underlying the trial and conviction from which this appeal
arose. And, it resulted in a sentence of 71 months in a federal penitentiary. 

 Thereafter, appellant was tried and convicted, in the courts for the State of Texas,
of possessing cocaine. While the jury deliberated punishment, it sent the trial court a note
asking, among other things, if "the federal sentence [would] be served at the same time as
the state sentence or one after the other?" The trial court responded by directing the jury
to strictly follow the court's charge on punishment. Appellant objected to this response. 
He acknowledged that whether to cumulate sentences was not a topic "within the province
of the jury." Nonetheless, he believed that the jurors had "the lawful right to know whether
this court does have the ability [to cumulate sentences] not whether they [sic] would but
whether the Court has the ability to cumulate a sentence." The objection was overruled.

 Eventually, the jury returned a sentence of ten years imprisonment. Before that
sentence was pronounced by the judge in open court, the State re-urged a previous motion
wherein it sought to have appellant's state sentence run consecutively to that arising from
the federal prosecution. The trial court granted the motion and ordered that "this 10-year
sentence . . . run as a cumulative sentence to the federal sentence that you're currently
serving." In making this pronouncement, the trial court did not mention the particular cause
number assigned to the federal prosecution, the particular federal court in which appellant
was tried, convicted and sentenced, the length of the sentence, or the date on which it was
imposed. Nor were these matters contained in the written judgment memorializing the trial
court's oral pronouncement. Indeed, with regard to the cumulation of sentences, the
judgment simply read that "[t]his sentence shall run consecutive [sic] to the case specified
below" and "[t]he court orders that the sentence in this conviction shall run consecutively
and shall begin only when the judgment and sentence in the following case has ceased to
operate." No particular cause, conviction or sentence was either "specified below" or
referenced as the "following case" in the judgment. 

Issue One - Accumulation Order


 Appellant initially contends that the trial court failed to provide a "description of prior
convictions which gives sufficient notice to the defendant or the Texas Department of
Corrections and fails to support the validity of the oral cumulation order made in open
court." Because of this, he continues, the federal and state sentences should be made to
run concurrently. We sustain the issue. 

 According to the Texas Court of Criminal Appeals, "if a judge wants to 'stack' a
defendant's sentences so that they run consecutively . . . he must make such an order at
the time and place that sentence is orally pronounced." Ex parte Madding, 70 S.W.3d 131,
136 (Tex. Crim. App. 2002). Furthermore, to be valid, the order "should be sufficiently
specific to allow the Texas Department of Criminal Justice-Institutional Division . . . to
identify the prior with which the newer conviction is cumulated." Ex parte San Migel, 973
S.W.2d 310, 311 (Tex. Crim. App. 1998). And, whether this standard is met can be
determined through the consideration of such things as 1) the cause number of the prior
conviction, 2) the correct name of the court from which the prior conviction emanated, 3)
the date of the prior conviction, and 4) whether the term of years assessed in the prior
conviction was mentioned by the trial court. Id. So too is it suggested that the order
include a description of the prior offense for which the accused was convicted. Hamm v.
State, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974). These factors are guides used to reach
the answer; the information to which they allude, however, need not be in the
pronouncement if the pronouncement nonetheless gives the Department of Criminal
Justice sufficient information to identify the prior conviction involved. Id. 

 As previously mentioned the trial court pronounced, in open court, that the ten years
imposed would "run as a cumulative sentence to the federal sentence that you're currently
serving." Yet, it made no mention of the particular court from which the prior conviction
emanated, the length of that sentence, the cause number assigned to that prosecution, or
the term of years assessed. Nor was this information included in the written judgment
manifesting the oral pronouncement. See Ex parte Madding, 70 S.W.3d at 135 (stating
that a trial court's pronouncement of sentence is oral while the judgment is merely the
written declaration of the oral pronouncement and when the oral pronouncement and
written judgment differ, the former controls). Nor was a copy of the judgment manifesting
the federal sentence admitted into evidence. And, while the prosecutor alluded to a
particular cause number and length of sentence in its oral motion during the punishment
stage of the trial, nothing was said about the specific federal court from which the
conviction emanated nor of the state, federal district or federal division in which that court
sat. 

 Similarly missing is evidence illustrating that the assignment of a cause number to
one federal prosecution bars other federal courts in different states, districts, and divisions
from using the same number. So, it cannot be said, based on the record before us, that
simply mentioning a cause number allows one to identify the particular action or court in
which it pends or pended. Indeed, had the same trial court sentenced the appellant on
both occasions, then mention of the cause number alone may have sufficed. Hamm v.
State, 513 S.W.2d at 86-87 (so holding). Yet, more certainty is required than that when,
as here, the convictions arise from different courts. Id., quoting Ex parte March, 423
S.W.2d 916 (Tex. Crim. App. 1968); see Ex parte Lewis, 414 S.W.2d 682, 683-84 (Tex.
Crim. App. 1967) (striking a cumulation order when it merely referred to the cause number
since the two convictions came from different courts). 

 As said by our Court of Criminal Appeals in Stokes v. State, 688 S.W.2d 539 (Tex.
Crim. App. 1985), "'[a] sentence is a final judgment and should be sufficient on its face to
effect its purpose without resort to evidence in aid thereof.'" Id. at 540, quoting Ex parte
Lewis, 441 S.W.2d 682 (Tex. Crim. App. 1967) (involving a prosecution wherein sentences
were to be stacked). (1) Looking to the oral pronouncement and written judgment manifesting
it at bar, we conclude that neither provide information sufficiently specific to permit the
Texas Department of Criminal Justice-Institutional Division to identify the prior sentence
contemplated by the trial court. Accordingly, the judgment will be modified to redact
allusion to the cumulation of sentences. (2) See Collifower v. State, No. 02-03-0366-CR,
2004 Lexis 10467 (Tex. App.-Fort Worth November 18, 2004) (not designated for
publication) (wherein the trial court modified the judgment to exclude language referring
to the cumulation of sentences when the oral pronouncement failed to meet the standard
in San Migel). 

Issue Two - Jury Question


 Through his last issue, appellant asserts that the trial court erred in refusing to tell
the jury that it (the trial court) had the authority to order appellant's state sentence to not
begin to run until he completed the federal sentence. We overrule the issue. 

 Whether to cumulate a sentence lies within the discretion of the trial court, not the
jury. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2004-2005); Stokes v.
State, 688 S.W.2d at 540. Because it does, it is not a matter of which the trial court must
inform the jury. Peterson v. State, No. 01-02-00603-CR, 2003 Lexis 9734 (Tex.
App.-Houston [1st Dist.] 2003, pet. ref'd) (not designated for publication) (holding that it
was not error for the trial court to refuse to instruct the jury on stacked sentences since
whether to cumulate sentences lies within the discretion of the trial court).

 Accordingly, we modify the judgment to remove all reference to appellant's sentence
running consecutively to any other, order the sentences to run concurrently, and affirm the
judgment as modified.


 Brian Quinn

 Justice


Do not publish.
1. It makes sense for the judgment to disclose the pertinent information because the Department of
Criminal Justice will most likely not have the record of proceedings (i.e. clerk's and reporter's records) before
it.
2. We note various opinions wherein two of our sister courts have required the appellant to show harm
as a condition to succeeding in its argument. See Hoitt v. State, 30 S.W.3d 670, 675-76 (Tex.
App.-Texarkana 2000, pet. ref'd.) and Saenz v. State, No. 12-00-0378-CR, 2002 Lexis 5162 (Tex. App.-Tyler
2002, no pet.) (not designated for publication). In so holding, each cites a statement in San Migel as support
for its decision. The statement consisted of the Court of Criminal Appeals saying "the applicant must show
that the cumulation order was not sufficiently specific and he was harmed by this lack of specificity," and it
must be shown that the Texas Department of Criminal Justice "is not properly cumulating his sentences in
order for a cumulation order to be found void." Ex parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App.
1998). Yet, the San Migel court took caution to note that the matter before it came by way of habeas corpus,
not direct appeal. This is of import since one seeking to affect a conviction via habeas must show harm. Ex
parte Millard, 48 S.W.3d 190, 192 (Tex. Crim. App. 2001). The same is not true on a direct appeal, however. 
In the latter circumstance, according to the Court of Criminal Appeals, it is not the obligation of the appellant
to illustrate harm. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). And, we have no authority to
ignore that rule or create exceptions to it without prior directive from our Court of Criminal Appeals. 



n-bottom: 0.104167in">          Appellant presents two challenges to the trial court’s use of the CASA volunteer at
trial. Through his first issue appellant alleges a deprivation of his right of confrontation as
guaranteed by the Sixth Amendment to the United States Constitution and Article I, section
10 of the Texas Constitution. In his second issue appellant argues the trial court
improperly commented on the weight of the evidence through its procedure and improperly
bolstered the testimony of the witnesses. He also argues the trial court should have made
a finding the procedural modification was necessary before authorizing use of the CASA
volunteer. 
          Upon our review of the record, we find we are unable to consider appellant’s first
issue because his Sixth Amendment contention was not preserved for appeal.


 Appellant’s
objection to the presence of the CASA volunteer did not assert it would impair his right of
confrontation. See Mendez v. State, 138 S.W.3d 334, 340-42 (Tex.Crim.App. 2004) (most
constitutional rights are subject to preservation requirement of Rule 33.1); Parades v.
State, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (failure to object to testimony as
violation of Confrontation Clause waived complaint). See also Ramirez v. State, No. 02-06-0135-CR, 2004 WL 2997747 (Tex.App.–Fort Worth January 11, 2007, no pet.); Morris
v. State, No. 02-06-0136-CR, 2007 WL 80012 (Tex.App.–Fort Worth January 11, 2007, no
pet.); and Meeks v. State, No. 03-03-0509-CR, 2005 WL 1489593 (Tex.App.--Austin June
23, 2005, no pet.) (applying rule).


 
          Appellant next argues the procedure impermissibly bolstered the children’s
testimony


 and was effectively a comment on the evidence by the trial court.


 He contends
that by instructing the jury the volunteer was court-appointed it could have led the jury to
infer the judge’s endorsement of the testimony. Appellant cites article 38.05 of the Code
of Criminal Procedure, which directs judges to refrain from commenting on the weight of
evidence or making any remark calculated to convey to the jury the judge’s opinion of the
case. Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). Appellant cites also Hoang
v. State, 997 S.W.2d 678 (Tex.App.–Texarkana 1999, no pet.), which describes improper
comments as including trial court statements implying approval of the State’s argument and
statements that, “however impartially they may have been made, may have led the jury to
infer the judge’s own opinion of the merits of the case.” Id. at 681. 
          We find neither the use of the court-appointed volunteer, nor the court’s instruction,
to be improper comments on the evidence. The court told the jury why the volunteer was
present and instructed them to place no significance on her presence. We do not agree
the instruction implied the court’s endorsement of the credibility of the six- and ten-year-old
witnesses, or otherwise conveyed the judge’s own opinion of the merits of the case. See
Conrad, 10 S.W.3d at 47 (rejecting a similar argument). We overrule appellant’s second
issue. 
          Appellant’s third issue assigns error to the trial court’s permitting SH to display a
cross during her testimony. He argues the error further deprived him of his right of
confrontation. As with his first issue, review of the record demonstrates the purported error
was not preserved for review.


 The third issue is overruled.
          In his final issue appellant challenges the admissibility of testimony of Becky O’Neal,
the sexual assault nurse examiner who examined AH. He argues the testimony was
inadmissible because it failed to meet the test for reliability of scientific testimony adopted
in Kelly v. State, 832 S.W.2d 568 (Tex.Crim.App. 1992), and included inadmissible
hearsay. We overrule the issue. 
          Appellant’s argument first focuses on O’Neal’s testimony relating statements AH
made at the time of her examination of the child. Review of the trial testimony reveals that,
in response to a question on cross examination by appellant’s counsel, O’Neal repeated
the testimony concerning the child’s statements to which appellant earlier had objected. 
Appellant having adduced the testimony, his hearsay objection is not preserved for review. 
Reyes v. State, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002). 
          Appellant also presents argument addressing O’Neal’s opinion testimony explaining
why AH might not exhibit any physical evidence of some of the assaults she alleged. We
find that even assuming the admission of the testimony was error,


 it would not require
reversal of the trial court’s judgment, under the standard of Rule of Appellate Procedure
44.2(b). Under that standard we must disregard an error unless it affects a substantial
right. Id. A substantial right is affected when the error had a substantial and injurious effect
or influence in determining the jury's verdict. King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). The erroneous admission of evidence does not affect a defendant’s
substantial rights if after examining the record as a whole the reviewing court has a fair
assurance the error did not influence the jury, or had but a slight effect. Solomon v. State,
49 S.W.3d 356, 365 (Tex.Crim.App. 2001). 
          Appellant argues the unreliable expert testimony “wholly misguided the jury to its
verdict.” The record does not support the assertion. O’Neal’s opinion testimony concerned
the absence of physical evidence of penetration of a five-year-old. Appellant was not
charged with penetrating AH’s genitals and the jury acquitted him of the charge involving
penetration of her anus. As to AH, appellant was convicted only of indecency with a child. 

The record provides a fair assurance any error involved in the admission of the opinion
testimony did not influence the jury in reaching its verdict. We overrule appellant’s fourth
issue. Finding no reversible error, we affirm both judgments of the trial court. 
 
                                                                James T. Campbell

                                                                         Justice







Do not publish.