In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-555 CR


NO. 09-07-556 CR


 ______________________



RYAN ALAN ROCCAFORTE, Appellant



V.



THE STATE OF TEXAS, Appellee


 




On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Nos. 89834 & 07-00726






MEMORANDUM OPINION


 Ryan Alan Roccaforte appeals from two convictions -- aggravated assault on a public
servant and burglary of a habitation. Pursuant to a plea bargain, Roccaforte pled guilty to the
offense of aggravated assault on a public servant. The trial court deferred a finding of guilt
and placed Roccaforte on deferred adjudication community supervision for ten years and
assessed a fine of $1,500. The State filed a motion to adjudicate guilt. The motion alleged
three violations of Roccaforte's community supervision order. One of the violations
allegedly committed by Roccaforte was burglary of a habitation. 

 At a hearing, Roccaforte pled guilty, without benefit of a plea bargain, to burglary of
habitation. After receiving Roccaforte's guilty plea in that offense, the trial court then heard
the motion to adjudicate guilt in the aggravated-assault-of-a-public-servant offense and
accepted Roccaforte's pleas of true to the violations of the community supervision order. 
Following a recess in which the trial judge considered written mitigation materials provided
by the defendant, the trial court heard arguments by the prosecutor and Roccaforte on
sentencing. In the aggravated-assault-on-a-public-servant case, the trial judge revoked
Roccaforte's community supervision, adjudicated him guilty of that offense, and sentenced
him to twenty-five years in prison. The trial court then found Roccaforte guilty of the
burglary-of-a-habitation offense and sentenced him to twenty years in prison. After giving
Roccaforte an opportunity to explain why the sentences in the two cases should not be
stacked, the trial court ordered the sentence in trial cause number 07-00726 (burglary of a
habitation) to run consecutively to the sentence in cause number 89834 (aggravated assault
on a public servant).

 In issues one and two, Roccaforte asserts the trial court erred in failing to admonish
him about the possibility of sentence stacking and argues that the omission "goes to the
voluntariness of the pleas."

 Subject to exceptions not applicable here, article 42.08 of the Code of Criminal
Procedure gives the trial judge discretion to stack or cumulate sentences. See Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006); Pettigrew v. State, 48 S.W.3d 769, 770 (Tex.
Crim. App. 2001); see also Barrow v. State, 207 S.W.3d 377, 380-81 (Tex. Crim. App.
2006). An exception to the trial court's discretion is found in section 3.03 of the Texas Penal
Code, which provides that sentences must run concurrently if they are tried in a single
criminal action and arise out of the same criminal episode. Tex. Pen. Code Ann. 3.03
(Vernon Supp. 2008). Roccaforte does not argue section 3.03 applies, and the record does
not support its application here. Neither article 42.08 nor section 3.03 contains a requirement
that the trial court admonish the defendant about the possibility of stacking sentences. See
Tex. Code Crim. Proc. Ann. art. 42.08; Tex. Pen. Code Ann. § 3.03. Article 26.13 of the
Code of Criminal Procedure does not contain such a requirement. See Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon Supp. 2008); Simmons v. State, 457 S.W.2d 281, 283 (Tex.
Crim. App. 1970); Tyson v. State, 172 S.W.3d 172, 176-77 (Tex. App.- Fort Worth 2005,
pet. ref'd). 

 The trial judge explained at the July 13, 2007, hearing that he had the authority to
stack the sentences to forty-five years and asked Roccaforte why the sentences should not be
stacked. Roccaforte answered that "[t]he sooner I get out, the less damaged I'll be by the
system." Apparently, the trial court did not find Roccaforte's answer persuasive. The trial
judge, in his discretion, cumulated the sentences. We overrule issues one and two.

 In issues three and four, Roccaforte argues the State failed to abide by a plea
agreement to run the sentences concurrently in trial cause numbers 89834 and 07-00726. The
record does not show a plea agreement to run the sentences concurrently. Roccaforte
references the prosecutor's remarks at the hearing where the prosecutor recommended that
the sentence in the burglary-of-a-habitation offense run concurrently with the sentence in the
aggravated-assault-on-a-public-servant offense. The statement was a recommendation, not
a plea agreement. Immediately after the prosecutor's remark, the trial judge informed
Roccaforte as follows:

 (The Court): Sir, you have absolutely no plea bargain agreement whatsoever. 
Okay? And what that means is that you're entering into your plea of guilt to
this case . . . You're entering into your plea of guilt to this burglary of a
habitation. The range of punishment is from 2 years to 20 years' confinement
in the Institutional Division and up to a 10,000 dollar fine. Do you understand
that?


 (Defendant): Yes, sir.

The judgment of conviction in trial cause number 89834 (aggravated assault on a public
servant) states that the "sentence shall run concurrently unless otherwise specified." The
judgment in trial cause number 07-00726 (burglary of a habitation) states the exception: "The
court orders that the sentence in this conviction [burglary of a habitation] shall run
consecutively and shall begin only when the judgment and sentence in this cause #89834 .
. . aggravated assault public servant has ceased to operate." There was no plea agreement
that the sentences in trial cause numbers 07-00726 and 89834 would run concurrently. (1) The
State did not violate any plea agreement. We overrule issues three and four.

 In issues five and six, Roccaforte complains of the lack of specificity required for a
valid cumulation order. Texas courts have held that a valid, enforceable cumulation order
must be sufficiently specific and should contain (1) the cause number of the prior conviction,
(2) the correct name of the court in which the prior conviction occurred, (3) the date of the
prior conviction, (4) the term of years assessed in the prior case, the nature of the prior
conviction. See Banks v. State, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986); see also
Gaston v. State, 63 S.W.3d 893, 889-900 (Tex. App.--Dallas 2001, no pet.). The Court of
Criminal Appeals has upheld a cumulation order that recited the cause numbers of the prior
convictions, the terms of years, and the county of the prior sentences. See Williams v. State,
675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on rehearing). A cumulation order that
refers to the previous conviction's cause number is sufficient if the trial court entering the
order is the same court that convicted the defendant in the prior case. See Hamm v. State,
513 S.W.2d 85, 86-87 (Tex. Crim. App. 1974) (citing Ex parte March, 423 S.W.2d 916, 919
(Tex. Crim. App. 1968)). 

 The cumulation order contained in the judgment of conviction for burglary of a
habitation in trial cause number cause 07-00726 is as follows:

 Cumulation order (Art. 42.01, sec. 1(19) CCP): The Court orders that the
sentence in this conviction shall run consecutively and shall begin only when
the judgment and sentence in this cause #89834 in the 252nd district court of
Jefferson county for the charge of aggravated assault public servant has ceased
to operate.


The cumulation order here identifies the prior conviction cause number 89834, the nature of
the offense, and the court out of which it arose, and specifies that the burglary of a habitation
sentence will begin only after the sentence in trial cause number 89834 has ceased to operate.

 A cumulation order, to be valid, should be sufficiently specific to allow the Texas
Department of Criminal Justice, Institutional Division, to identify the prior conviction with
which the newer conviction is cumulated. See Ex parte San Migel, 973 S.W.2d 310, 311
(Tex. Crim. App. 1998) (citing Ward v. State, 523 S.W.2d 681 (Tex. Crim. App. 1975)). 
Here, the language in the judgment constitutes a valid cumulation order. The sentences in
the two causes were assessed in the same district court, on the same day. Issues five and six
are overruled. 

 In issues seven and eight, Roccaforte argues that the cumulation order, providing that 
the burglary-of-a-habitation sentence is to run consecutively to the aggravated-assault-of-a-public-servant sentence, is erroneous because at the time the judgment was entered in the
burglary-of-a-habitation case, the other judgment had not been entered. Roccaforte is
incorrect. The trial judge pronounced judgment in the aggravated-assault-of-a-public-servant
case before he pronounced judgment in the burglary-of-a-habitation case. The latter contains
the cumulation order. We overrule issues seven and eight.

 In issue nine, Roccaforte contends his plea was involuntary. We understand his claim
of involuntariness to apply to the guilty plea in the burglary-of-a-habitation case and the plea
of true in the revocation case. (2) Essentially, Roccaforte maintains that he would not have pled
guilty to burglary of a habitation or "true" to the violation of his community supervision
order had he not been misled by his father. 

 In the aggravated assault case, Roccaforte pled true to a violation of his community
supervision order and indicated to the trial court that he did so of his own free will. A plea
of true, standing alone, supports revocation of community supervision. Jones v. State, 112
S.W.3d 266, 268 (Tex. App.--Corpus Christi 2003, no pet.). In the burglary-of-a-habitation
offense, the record reveals the trial court admonished Roccaforte in substantial compliance
with article 26.13. See Tex. Code Crim. Proc. Ann. Art. 26.13 (Vernon Supp. 2008). 
Roccaforte signed the plea papers containing those admonishments along with a judicial
admission stating he understood the trial court's admonishments and was aware of the
consequences of his plea. If the trial court properly admonishes the defendant before a guilty
plea is entered, there is a prima facie showing that the plea was both knowing and voluntary. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to
the defendant to show he did not fully understand the consequences of his plea such that he
suffered harm. Id. In the burglary-of-a-habitation offense, the record shows the trial court
properly admonished appellant in writing. See Tex. Crim. Proc. Ann. art. 26.13 (a), (c)
(Vernon Supp 2008). 

 In his motion for new trial, Roccaforte references the involvement of his father in
advising him and the father's "intercession" with the State concerning both offenses. 
Attached to the motion is the affidavit of Roccaforte's father. The father explained that he
may have influenced his son by inconsistent advice, and that the father's comments to the
prosecutor may have tipped the scale towards incarceration. Roccaforte's father's affidavit,
if considered by the trial court, does not establish Roccaforte was unaware of the
consequences of his plea of true to the alleged violation of the community supervision order
in the aggravated assault case; and the affidavit does not establish Roccaforte's guilty plea
to the burglary charge was involuntary. His father's affidavit sets out what the father thought
and what the father did. It does not establish what Roccaforte did or thought, or explain how
he was misled or harmed by his father's actions or advice. Roccaforte has not demonstrated
that he was harmed or misled by the trial court's admonishments, or that he was unaware of
the consequences of his plea of guilty and plea of true. We overrule issue nine.

 The judgments of conviction in cause numbers 89834 and 07-00726 are affirmed.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice

Submitted on August 13, 2008

Opinion Delivered September 10, 2008

Do Not Publish

 

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The plea agreement in trial cause number 89834 provided that the sentence in that
cause would run concurrently with trial cause number 89935, a case not at issue in this
appeal.
2. If Roccaforte is claiming that his plea of guilty in the 2004 hearing on the aggravated
assault case was involuntary, he cannot now raise issues that occurred in that proceeding on
appeal. See Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); see also
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)