**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00265-CR
NO. 09-24-00266-CR
NO. 09-24-00267-CR
NO. 09-24-00268-CR

_____

**SHANNON KEITH HARDEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause Nos. CR22-0309, CR22-0310, CR22-0311, CR22-0312**

**MEMORANDUM OPINION**

Shannon Keith Hardee appeals his convictions for aggravated sexual assault

of a child, H.W.,[1] first-degree felonies, and his convictions for sexual assault of

---

[1]We refer to the crime victims by their initials to protect their privacy. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

1

child, D.W., second-degree felonies. Tex. Penal Code Ann. §§ 22.021(a)(1)(B), (2)(B), (e) (aggravated sexual assault); 22.011(a)(2), (f) (sexual assault). After filing the notice of appeal, the trial court appointed an attorney to represent Hardee in his appeal. The attorney discharged his responsibilities to Hardee by filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In the brief, Hardee's attorney represents there are no arguable reversible errors to be addressed in Hardee's appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). The brief the attorney filed contains a professional evaluation of the record. In the brief, Hardee's attorney explains why, under the record in Hardee's case, no arguable issues exist to reverse the trial court's judgment. *See Anders*, 386 U.S. at 744; *High*, 573 S.W.2d at 813. Hardee's attorney also stated that he sent Hardee a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Hardee, by letter, that he could file a pro se brief or response with the Court on or before March 3, 2025, and this deadline was later extended to April 14, 2025. Hardee, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no

arguable grounds to support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Thus, it follows the appeal is frivolous. *See id.* at 826. For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Hardee may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

"However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.); *see also Getts v. State*, 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming appellate court's reformation of trial court's judgment in *Anders* case); Tex. R. App. P. 43.2(b). When a defendant has two or more convictions, the trial court may order that the sentences run concurrently or consecutively. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a). Recommended elements for a valid cumulation order include: (1) the cause number of the prior conviction; (2) the correct name of the trial court where the prior conviction was imposed; (3) the date of the prior conviction; (4) the term of years of the sentence imposed for the prior conviction; and (5) the nature of the prior

3

conviction. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985). The trial court need not include all five elements in its cumulation order. *Id*.

At the conclusion of the punishment phase of trial, the trial court stated:

All right. Mr. Hardee, in Cause Nos. CR22-0309 and CR22-0312, second-degree felonies, the Court hereby sentences you to 20 years in TDC. And in Cause Nos. CR22-0310 and CR22-031 (sic), Court hereby sentences you to life in prison. These will run cumulatively.

The trial court's judgments state the following in each cause number.

Cause Number CR22-309:
"THIS SENTENCE SHALL RUN: CONSECUTIVELY."

Cause Number CR22-310:
"THIS SENTENCE SHALL RUN: CONSECUTIVELY."

Cause Number CR22-311:
"THIS SENTENCE SHALL RUN: CONSECUTIVELY."

Cause Number CR22-312:
"THIS SENTENCE SHALL RUN: CONSECUTIVELY."

"When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "A valid cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice -- Institutional Division (TDCJ -- ID), to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (citation omitted). A cumulation order that only refers to a cause number is sufficient if the sentencing order is from the same

4

court. *See id.*; *Hamm v. State*, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974) (citations omitted).

Here, although the sentences are from the same court, the judgments did not include the cause numbers of the other judgments. An appellate court may modify a cumulation order when the record contains the necessary data needed for reformation. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Revels v. State*, 334 S.W.3d 46, 56 (Tex. App.—Dallas 2008, no pet.). Because this record contains sufficient data to allow for reformation of the trial court's cumulation order, we modify the judgments to state:

Cause Number CR22-309:

The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin before the July 31, 2024 judgment and twenty-year sentence in cause number CR22-312 in the 411th District Court of Polk County involving Sexual Assault of a Child.

Cause Number CR22-312:

The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the July 31, 2024 judgment and twenty-year sentence in the following case has ceased to operate: cause number CR22-309 in the 411th District Court of Polk County involving Sexual Assault of a Child.

Cause Number CR22-310:

The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the July 31, 2024 judgment and twenty-year sentence in the following case has ceased to operate: cause number CR22-312 in the 411th District Court of Polk County involving Sexual Assault of a Child.

Cause Number CR22-311

The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the July 31, 2024 judgment and life sentence in the following case has ceased to operate: cause number CR22-310 in the 411th District Court of Polk County involving Aggravated Sexual Assault of a Child.

We affirm the trial court's judgments as modified.

AFFIRMED AS MODIFIED.

KENT CHAMBERS
Justice

Submitted on May 20, 2025
Opinion Delivered May 21, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

6