**Johnny L. STOKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 401–84.**

Court of Criminal Appeals of Texas, En Banc.

April 17, 1985.

Mark D. Strachan, Ebb B. Mobley, Longview, for appellant.

Rob Foster, Dist. Atty. & Richard Clement Dunn & John W. Tunnell, Asst. Dist. Attys., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

The appellant was convicted in Cause No. 13,284–A in the 188th District Court of Gregg County in a jury trial for unauthorized use of a motor vehicle. The jury assessed punishment at ten years' imprisonment in the Department of Corrections and a $3,000.00 fine.

On appeal, the appellant raised a number of grounds of error. The Tyler Court of Appeals affirmed the judgment of the trial court, but reformed the sentence, ordering that it run concurrently rather than consecutively with a prior conviction. *Stokes v. State* (No. 12–82–0119–CR, delivered February 16, 1984). We granted the State's Petition for Discretionary Review to determine whether the Court of Appeals erred in its holding that the cumulation order in the sentence is void because it is insufficient on its face to convey clear and unequivocal orders to the prison authorities.

The cumulation order of the trial judge reads as follows:

"It is further ADJUDGED and DECREED by this Court that the sentence pronounced herein shall begin this date. Said Sentence to be served after serving the sentence in Cause No. 11,720–A Styled The State of Texas Vs. Johnny Stokes in the 188th Judicial District Court."

The Court of Appeals held that the first statement in the cumulation order, that "the sentence pronounced herein shall begin this date," is in direct conflict with the second part of the order, that "[s]aid [s]entence [is] to be served after serving the sentence" in the prior cause, therefore rendering the order "contradictory and ambiguous."

We disagree and reverse the judgment of the Court of Appeals with respect only to its holding that the cumulation order is void.

The discretion to cumulate sentences is given to the trial courts of this state by statute. See Article 42.08, V.A.C.C.P. It is well settled that a cumulation order must meet certain requirements as to specificity. *Ex parte Davis*, 506 S.W.2d 882, 883 (Tex. Cr.App.1983). The reason for the requirement of specificity is to enable the prison authorities to know just how long to detain the prisoner under the sentence.

In *Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex.Cr.App.1967), it was stated by this Court:

"A sentence is a final judgment and should be sufficient on its face to effect its purpose without resort to evidence in aid thereof. It should further convey to the authorities at the Texas Department of Corrections or any County jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the convict or prisoner."

This Court has on a number of occasions discussed the recommended elements of a valid cumulation order. See *Ex parte Lewis*, supra; *Ex parte March*, 423 S.W.2d 916 (Tex.Cr.App.1968); *Ex parte Davis*, supra; *Ward v. State*, 523 S.W.2d 681, 682 (Tex.Cr.App.1975); *Young v. State*, 579 S.W.2d 10 (Tex.Cr.App.1979). See also *Watts v. State*, 645 S.W.2d 461 (Tex.Cr. App.1983). These elements include (a) the trial number of the prior conviction, (b) the correct name of the court where the prior conviction was taken; (c) the date of the prior conviction; (d) the term of years of the prior conviction and (e) the nature of the prior conviction.

It has also been the holding of the court that the inclusion of all five recommended elements in cumulation orders is not mandatory.

The cumulation order in the instant case includes two of the five recommended elements, (a) the trial court number of the prior conviction and (b) the correct name of

the court where the prior conviction had taken place. In addition, both convictions were from the same court, the 188th District Court. It would appear the cumulation order would be sufficient under previous authorities of this Court. *Ex parte Daffern,* 162 Tex.Cr.R. 472, 286 S.W.2d 151 (1956); *Ex parte Bell,* 160 Tex.Cr.R. 490, 272 S.W.2d 530 (1954); *Ex parte Collier,* 156 Tex.C.R. 377, 243 S.W.2d 177 (1951). See also *Ex parte Pruitt,* 385 S.W.2d 384 (Tex.Cr.App.1965); *Ex parte Isom,* 168 Tex.Cr.R. 434, 331 S.W.2d 753 (1959). Since both convictions were in the same court, see also *Hamm v. State,* 513 S.W.2d 85 (Tex.Cr.App.1974); *Ex parte Davis,* supra.

As we understand it the Court of Appeals' opinion was based not upon the lack of sufficient elements, but on what the court perceived to be an internal conflict in the wording of the cumulation order in the sentence.

Article 42.01, V.A.C.C.P., defines a judgment. Article 42.02, V.A.C.C.P., provides:

"The sentence is that part of the judgment, or order revoking a probated sentence, that orders that the punishment be carried into execution in the manner prescribed by law." Acts 1981, 67th Leg., p. 809, ch. 291, § 112, eff. Sept. 1, 1981.

■ Formerly it was held that a "judgment" and a "sentence" are not the same thing. *Thornton v. State,* 576 S.W.2d 407 (Tex.Cr.App.1979). See former Articles 42.01 and 42.02, V.A.C.C.P. (1965). The 1981 amendment to Article 42.02, supra, had the effect of unifying the judgment and sentence. The sentence is now an integral part of the judgment. With the pronouncement of a sentence the court breathes life into the judgment. The sentence is the catalyst which enables the execution of the judgment. The sentence comes into existence on the day and at the time it is pronounced.

In the formal judgment entered in the instant cause on the same day as the sentence (May 26, 1982) the trial court provided that the appellant be punished as determined by the jury:

"by confinement in the Texas Department of Corrections for Ten (10) Years and $3,000.00 fine, to be served after serving the sentence in Cause No. 11,-720–A styled The State of Texas Vs. Johnny Stokes in the 188th Judicial District Court...."

In orally pronouncing sentence in open court the trial judge stated:

"It is, further, the order, judgment, and decree of this Court that this sentence shall begin when you have completed serving your sentence in Cause Number 11,720–A, styled The State of Texas versus Johnny Stokes, such judgment being dated November 18, 1978, and having been issued out of the 188th District Court of Gregg County, Texas."

Thereafter the formal sentence contained the complained of language "that the sentence pronounced herein shall begin this date. Said Sentence to be served after serving the sentence in Cause No. 11,720–A styled The State of Texas Vs. Johnny Stokes in the 188th District Court."

Article 44.08, V.A.C.C.P., provides in § (b), inter alia, that notice of appeal shall be given ... within 15 days after "sentencing." And § (c) provides in part: "For the purpose of this article, 'sentencing' means the date the sentence is imposed or suspended in open court...."

Thus in many cases it is clear there must be a sentence in existence for there to be a valid notice of appeal, and this is true whether there is a cumulation order or not.

■ As we read the cumulation order the trial court did not set two different dates for the sentence to commence. The phrase "the sentence pronounced herein shall begin this date" was used to mean simply that the sentence came into existence that day, and was a valid sentence as of that date. It was immediately followed by a qualification as to when the sentence was to be served. The order should be read as a whole and the phraseology therein construed together. This is a common sense interpretation of the cumulation order, and we do not agree that it was insuf-

ficient on its face to convey clear and unequivocal orders to the prison authorities. And this is particularly true when read in light of the quoted provisions of the judgment of which the sentence is an integral part, and both of which are available to the prison authorities.

The cumulation order passes muster. It is not contradictory and ambiguous.

The appellant in his reply briefly notes the written sentence does not contain the jail time credit given him at the time sentence was orally pronounced in open court. He is correct. The trial court gave appellant credit on his sentence from March 9, 1982 until May 26, 1982.

This Court can reform a sentence upon appeal when it has the necessary information before it. *Knight v. State*, 581 S.W.2d 692 (Tex.Cr.App.1979); *Wilson v. State*, 156 Tex.Cr.R. 228, 240 S.W.2d 774 (1951). The sentence is reformed to give the appellant credit for his jail time from March 9 until May 26, 1982.

The judgment of the Court of Appeals ordering the cumulation order set aside is reversed and the cumulation order is reinstated and the sentence is reformed to give jail time credit. In all other respects the said judgment is affirmed.

CLINTON, J., concurs.