# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00028-CR

**Miguel Angel Franqui, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 54965, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court accepted Miguel Angel Franqui's guilty plea and found him guilty of aggravated assault with a deadly weapon. The court assessed a twelve-year sentence. In three points of error, Franqui contends that the district court erred by failing to provide him a foreign language interpreter and by not allowing him to be present when his jail credit was determined. We affirm the district court's judgment.

### *Background*

Franqui was indicted for aggravated assault with a deadly weapon. At a hearing on January 22, 2004, Franqui, who was represented by counsel, entered a plea of guilty. At Franqui's request, the court appointed an interpreter to assist him at the January 2004 hearing. On January 31, 2004, the court entered an order of deferred adjudication for a period of five years.

The State filed a motion to adjudicate on May 15, 2006, and an amended motion to adjudicate on October 23, 2007. The motion was heard on October 29, 2007. At this hearing, although Franqui was represented by the same attorney, no request for an interpreter was made and no interpreter was appointed. Franqui told the court that although he does not read or write the English language, he speaks it "a little bit." He entered a plea of true to the allegations in the indictment, stating that he understood the indictment and the implication of a guilty plea and that he entered his plea freely and voluntarily. The court found the evidence sufficient to find Franqui guilty and reset the case for sentencing.

At the sentencing hearing on November 27, 2007, Franqui was again represented by the same attorney. Franqui did not request an interpreter, and none was appointed. After hearing evidence, the court found Franqui guilty of aggravated assault with a deadly weapon and sentenced him to twelve years in prison. The court stated that Franqui would be given "credit for the time that [he] previously served in this case." Franqui's attorney told the court that he would provide the court with a jail time credit form.

Franqui provided his jail credit request form, which claimed credit for 485 days. On December 27, 2007, after correcting errors in calculations and subtracting time to which Franqui was not entitled, the district court granted Franqui credit for 463 days.[1]

---

[1] Time claimed but not granted included time Franqui spent in the Substance Abuse Felony Punishment facility.

*Discussion*

In his first two points of error, Franqui contends that the district court was required to appoint an interpreter for the hearing to adjudicate and that the failure to do so prevented him from fully participating in his trial.

Article 38.30 of the Texas Code of Criminal Procedure provides that in a criminal proceeding, when "it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness." Tex. Code Crim. Proc. Ann. art. 38.30 (West Supp. 2008). When a trial judge is aware that the defendant has a problem understanding the English language, the judge has an independent duty to implement this right in the absence of a knowing and voluntary waiver by the defendant. *Garcia v. State*, 149 S.W.3d 135, 145 (Tex. Crim. App. 2004). The judge may become aware of the defendant's language problem either by being informed of it by one or both parties or by noticing the problem sua sponte.

In *Garcia*, the court of criminal appeals held that Garcia's Sixth Amendment right to confront the witnesses against him was violated because Garcia did not knowingly or voluntarily waive his right to an interpreter. *Id.* However, in *Garcia* it was undisputed that Garcia did not speak English at all. Garcia testified through an interpreter that he did not understand the complainant's testimony, which was in English and was not translated for him. In holding that the trial court's failure to appoint an interpreter for him at trial violated Garcia's constitutional rights, the court of criminal appeals stated that "Garcia 'deserved more than to sit in total incomprehension as the trial proceeded.'" *Id.*

3

Here, however, the record indicates that Franqui understood the proceedings. He answered each of the court's questions appropriately and in the absence of hesitation or additional prompting. He answered "Yes, ma'am" to each of the judge's questions as to his understanding of the process and the implications of his guilty plea. When asked how to pronounce his name and how old he was, Franqui answered appropriately. Further, when asked whether he reads and writes English, Franqui responded: "I speak a little bit, but I don't write or read it." The court also asked whether Franqui had any questions, whether anyone had promised anything to him for his plea or threatened him for his plea, and he appropriately responded, "No, ma'am."

Because the record indicates that Franqui understood the proceedings and because Franqui did not request an interpreter, the court was not required to appoint one. We overrule Franqui's first two points of error.

In his third point of error, Franqui contends that the district court erred by not allowing him to be present when his jail credit was determined. A defendant is entitled to have his sentence pronounced in his presence. Tex. Code Crim. Proc. Ann. art. 42.03(1)(a) (West Supp. 2008). Where a conflict exists between the oral pronouncement and written memorialization of the sentence, the oral pronouncement controls. *See, e.g.*, *Stokes v. State*, 688 S.W.2d 539, 542 (Tex. Crim. App. 1985) (where written sentence did not contain jail time credit orally pronounced in open court, sentence was reformed to give appellant jail credit pursuant to oral pronouncement); *see also* Tex. R. App. P. 43.2(b) (where oral pronouncement and written judgment conflict, the appellate court may reform the written judgment).

4

Here, contrary to appellant's assertion, the oral judgment and written judgment are consistent. The following was the exchange between the court and defense counsel:

> The Court: Then it's the sentence of this Court, sir, that you serve 12 years in the Institutional Division of the Texas Department of Criminal Justice. I will give you time for the credit—for the time that you have served in Bell County jail. Do you have the jail credit form, Mr. Magana?
>
> Defense Counsel: No, Your Honor, if I could supply that after lunch.
>
> The Court: All right.

When Franqui submitted his jail credit calculation form, he requested a total of 485 days of jail credit. He listed date ranges and, from these ranges, calculated the number of days of credit. Some of his calculations were inaccurate. In addition, some of the date ranges noted included ineligible days. Accordingly, the court granted Franqui only 463 days of jail credit rather than the requested 485 days.

Franqui does not challenge the trial court's jail credit calculation.[2] Rather, he contends that he was denied the right to be present when the credit was determined. The record shows, however, that Franqui was present when the court pronounced his sentence and stated that Franqui would receive credit for time served. Because Franqui was present for sentencing and because the district court's oral and written judgments are consistent, we overrule Franqui's third point of error.

---

[2] If Franqui disagreed with the district court's jail credit calculation, he could have challenged the judgment by means of a nunc pro tunc proceeding. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

Having overruled Franqui's points of error, we affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   February 6, 2009

Do Not Publish