**Affirmed and Memorandum Opinion filed December 1, 2011.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-10-00842-CR**
**NO. 14-10-00843-CR**

---

**XAVIAN TREMAINE WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1216140 & 1225263**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered guilty pleas to the offenses of attempted capital murder and aggravated robbery. He requested preparation of a presentence investigation report on which a hearing was conducted on July 29, 2010. At the conclusion of the hearing, the trial court sentenced appellant to life in prison for attempted capital murder, and 40 years for aggravated robbery. In a single issue, appellant argues the trial court's judgments nunc pro tunc should be struck because they do not reflect the oral pronouncement of sentence, and contains judicial reasoning. We affirm.

## Background

Appellant entered pleas of guilty to attempted capital murder and aggravated robbery. After preparation of a presentence investigation (PSI) report, the trial court held a hearing on punishment. At the beginning of the hearing, defense counsel raised the issue of appellant's competency to plead guilty. The court noted that the court's file contained a Competency and Sanity Evaluation, in which it was determined that appellant was competent to stand trial. The State did not present any evidence on punishment other than the PSI report. The defense presented the testimony of appellant and his sister.

At the conclusion of the hearing, the trial court assessed sentence for the attempted capital murder at life in prison, and assessed 40 years' confinement for the aggravated robbery. The trial court further stated, "And have the cases run consecutively." On the same day, the trial court signed judgments in both convictions, and noted that the sentences "shall run consecutively." On September 8, 2010, the trial court signed judgments nunc pro tunc in each case. In those judgments, the court stated that it held a hearing on its own motion, and corrected each judgment to clarify the order in which the sentences were to be served. Specifically, the court noted:

> The sentences shall run consecutively as follows: the life sentence in the Attempted Capital Murder case, Cause No. 1216140, will begin to run on 07/29/2010; the 40 years sentence in the Aggravated Robbery–Deadly Weapon case, Cause No. 1225263 will begin to run when the sentence in the Attempted Capital Murder case, Cause No. 1216140 has ceased to operate and not before that time.

## Judgments Nunc Pro Tunc

In a single issue, appellant contends the entry of the judgments nunc pro tunc were improper because they do not reflect the oral pronouncement of the sentences, and contains judicial reasoning, not merely a correction of a clerical error.

A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). A trial court can correct a clerical error in

the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be corrected by a nunc pro tunc order. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done. *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986). Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time. *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

Generally, when the same defendant is convicted in two or more cases, the trial court has discretion to order those sentences to run either consecutively or concurrently. Tex. Code Crim. Proc. Ann. art. 42.08. The cumulation order should be sufficiently clear so that it may be understood without having to refer to other evidence. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985). A trial court may correct a cumulation order nunc pro tunc to add descriptive details of the prior offenses inadvertently omitted from the trial court's first cumulation order. *See Williams*, 675 S.W.2d 754, 765 n. 6 (Tex. Crim. App. 1984); *see also Strahan v. State*, 306 S.W.3d 342, 353 (Tex. App.—Fort Worth 2010, pet. ref'd).

In this case, in the oral pronouncement of the sentences the trial court mentioned its intent to stack the sentences and ordered them to run consecutively; the judgments in each case also captured this concept. However, as set forth above, neither the oral pronouncement nor the judgments in each case stated which case's sentence was to be served first. The judgment nunc pro tunc in each case corrected that omission, showing that the sentence for Cause No. 1216140 would be served first. Because a trial court may correct a cumulation order nunc pro tunc to add descriptive details, the judgments nunc pro tunc were the proper vehicle for the trial court to accomplish what it set out to do in its oral pronouncement. *See Strahan*, 306 S.W.3d at 353 (in cumulation order involving several counts, judgment nunc pro tunc was proper to correct omission regarding which case's sentence would be served first.). Appellant's sole issue is overruled.

The judgments of the trial court are affirmed.


PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).