# NO. 12-12-00418-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

| | | |
|---|---|---|
| *TERRANCE LADALE DAVIS,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Terrance Ladale Davis appeals his conviction for possession of a controlled substance in a drug free zone. The trial court sentenced him to seven years of imprisonment. In his sole issue, Appellant contends the trial court erred in assessing attorney's fees against him. We modify the trial court's judgment and, as modified, affirm.

### BACKGROUND

Appellant pleaded guilty to possession of a controlled substance in a drug free zone and was placed on eight years' deferred adjudication community supervision. Six months later, the trial court revoked his community supervision, adjudicated guilt, and sentenced him to seven years of imprisonment. The court ordered him to pay $644.00 in court costs.

### ATTORNEY'S FEES

In his sole issue, Appellant contends the trial court erred in assessing attorney's fees against him. He argues that the trial court determined that he is indigent and the court appointed counsel to represent him. Therefore, the judgment should be reformed to delete the $300.00 in attorney's fees assessed against him. The State concedes the error.

The record shows that the trial court found Appellant indigent and appointed counsel.

1

The bill of costs from the District Clerk's office reflects an outstanding balance of $694.00 including a $300.00 assessment for attorney's fees. The judgment orders Appellant to pay $644.00 in court costs.[1] Additionally, an order to withdraw funds for $644.00 in court costs, including the attorney's fees, was rendered ordering payment of the costs out of Appellant's inmate trust account. This order was incorporated into the judgment.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.–Amarillo 2011, pet. denied). Here, both sides agree that there is nothing in the record to indicate that Appellant's indigent status has changed. Therefore, the trial court erred in ordering Appellant to pay the attorney's fees. Likewise, the court's order to withdraw funds, which is incorporated into the judgment, erroneously orders payment of the full $644.00 out of Appellant's inmate trust. We sustain Appellant's sole issue.

## DISPOSITION

When, on appeal, this court has the information necessary for reformation, the judgment will be reformed and corrected on appeal. *See Stokes v. State*, 688 S.W.2d 539, 542 (Tex. Crim. App. 1985). Accordingly, we modify the trial court's judgment and order to withdraw funds to reflect that Appellant does not owe $300.00 for attorney's fees.

As *modified*, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] There is nothing in the record to explain the discrepancy between the balance due listed on the bill of costs and the amount the trial court ordered Appellant to pay.

2

# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 24, 2013**

## NO. 12-12-00418-CR

**TERRANCE LADALE DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0314-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to reflect that the amount of court costs is $344.00; we also **modify** the order to withdraw funds to state that the amount of court costs is $344.00; and **as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

3