# NO. 12-13-00071-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL JAY BARTON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Michael Jay Barton appeals his conviction for driving while intoxicated. The trial court sentenced him to life in prison. In his sole issue, Appellant contends the trial court erred in assessing attorney's fees against him. We modify the trial court's judgment and, as modified, affirm.

### BACKGROUND

Appellant pleaded guilty to driving while intoxicated and pleaded true to the allegations in the indictment that he had two prior convictions for offenses related to the operating of a motor vehicle while intoxicated, a conviction for burglary of a building, and a conviction for robbery. The trial court sentenced him to life in prison and ordered him to pay court costs in the amount of $788.00.

### ATTORNEY'S FEES

In his sole issue, Appellant contends the trial court erred in assessing attorney's fees against him. He argues that the trial court determined that he is indigent and appointed counsel to represent him. Therefore, the judgment should be reformed to delete the $300.00 attorney's fee assessed against him. The State concedes the error.

The record shows that the trial court found Appellant indigent and appointed counsel. The bill of costs from the District Clerk's office reflects a total outstanding balance of $788.00, which includes a $300.00 assessment for attorney's fees. The judgment orders Appellant to pay $788.00 in court costs. Additionally, an order to withdraw funds for the full amount of court costs, including the attorney's fees, was rendered ordering payment of the costs out of Appellant's inmate trust account. This order was incorporated into the judgment.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.–Amarillo 2011, pet. denied). Here, both sides agree that there is nothing in the record to indicate that Appellant's indigent status has changed. Therefore, the trial court erred in ordering Appellant to pay the attorney's fees. Likewise, the court's Order to Withdraw Funds, which is incorporated into the judgment, erroneously orders payment of the full $788.00 out of Appellant's inmate trust account. We sustain Appellant's sole issue.

## DISPOSITION

When, on appeal, this court has the information necessary for reformation, the judgment will be reformed and corrected on appeal. *See Stokes v. State*, 688 S.W.2d 539, 542 (Tex. Crim. App. 1985). Accordingly, we modify the trial court's judgment and the order to withdraw funds to reflect that Appellant does not owe $300.00 for attorney's fees, and the amount of court costs is $488.00. Additionally, because the judgment does not state the name of Appellant's trial attorney, we modify the judgment to reflect that Appellant's trial attorney was John Jarvis.

As *modified*, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 9, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2013**

**NO. 12-13-00071-CR**

**MICHAEL JAY BARTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1194-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** to reflect that the amount of court costs is $488.00; that the order to withdraw funds be modified to state that the amount of court costs is $488.00; that the judgment be modified to reflect that John Jarvis was the attorney who represented Michael Jay Barton at trial; and as **modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*