# NO. 12-13-00103-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHERYL LYNN LOVEN,* *APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cheryl Lynn Loven appeals her conviction for tampering with evidence. The trial court sentenced her to four years of imprisonment. In her sole issue, Appellant contends the trial court erred in assessing attorney's fees against her. We modify the trial court's judgment and, as modified, affirm.

## BACKGROUND

Appellant pleaded guilty to tampering with evidence and, pursuant to an agreed punishment recommendation, the trial court placed her on deferred adjudication community supervision for two years. Almost two years later, the trial court revoked her community supervision, adjudicated guilt, and sentenced her to four years of imprisonment. Additionally, the court ordered her to pay court costs in the amount of $546.00.

## ATTORNEY'S FEES

In her sole issue, Appellant contends the trial court erred in assessing attorney's fees against her. She argues that the trial court determined that she is indigent and the court appointed counsel to represent her. Therefore, the judgment should be reformed to delete the $300.00 attorney's fees assessed against her. The State concedes the error.

The record shows that the trial court found Appellant indigent and appointed counsel. The bill of costs from the district clerk's office reflects a total outstanding balance of $546.00, which includes a $300.00 assessment for attorney's fees. The judgment orders Appellant to pay $546.00 in court costs. Additionally, an order to withdraw funds for the full amount of court costs, including the attorney's fees, was rendered ordering payment of the costs out of Appellant's inmate trust account. This order was incorporated into the judgment.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, she is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.–Amarillo 2011, pet. denied). Here, both sides agree that there is nothing in the record to indicate that Appellant's indigent status has changed. Therefore, the trial court erred in ordering Appellant to pay the attorney's fees. Likewise, the court's order to withdraw funds, which is incorporated into the judgment, erroneously orders payment of the full $546.00 out of Appellant's inmate trust account. We sustain Appellant's sole issue.

## DISPOSITION

When, on appeal, this court has the information necessary for reformation, the judgment will be reformed and corrected on appeal. *See Stokes v. State*, 688 S.W.2d 539, 542 (Tex. Crim. App. 1985). Accordingly, we *modify* the trial court's judgment and the order to withdraw funds to reflect that the amount of court costs is $246.00.

As *modified*, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 12, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2014**

**NO. 12-13-00103-CR**

**CHERYL LYNN LOVEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1472-10)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment and the order to withdraw funds below be **modified** to reflect that the amount of court costs is $246.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*