# NO. 12-13-00132-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON BASS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jason Bass appeals his conviction for sexual assault of a child. In his sole issue on appeal, he contends that the evidence is insufficient to support the trial court's assessment of court costs. We modify the judgment of the trial court, and affirm as modified.

### BACKGROUND

Appellant was indicted for sexual assault of a child. The indictment also alleged that Appellant had a prior felony conviction, raising the punishment level to that of a first degree felony. After rejecting a plea offer by the State, and just as voir dire was to commence for his jury trial, Appellant pleaded "guilty" and "true" to the enhancement allegation without an agreement as to punishment. The trial court accepted Appellant's pleas and found him guilty.

After a punishment hearing, the trial court sentenced Appellant to life imprisonment. Additionally, the trial court ordered Appellant to pay court costs in the amount of $669.00. This appeal followed.

### COURT COSTS

In his sole issue, Appellant contends the trial court erred in assessing attorney's fees against him. He argues that the trial court determined that he is indigent and appointed counsel to

represent him. Therefore, his argument continues, the judgment should be reformed to delete the $300.00 attorney's fee assessed against him. The State concedes the error.

The record shows that the trial court found Appellant indigent and appointed counsel. The bill of costs from the district clerk's office reflects a total outstanding balance of $669.00, which includes a $300.00 assessment for attorney's fees. The judgment orders Appellant to pay $669.00 in court costs. Additionally, an order to withdraw funds for the full amount of court costs, including the attorney's fees, was rendered ordering payment of the costs out of Appellant's inmate trust account. This order was incorporated into the judgment.

Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court appointed attorney's fees. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.—Amarillo 2011, pet. denied). Here, both sides agree that there is nothing in the record to indicate that Appellant's indigent status has changed. Therefore, the trial court erred in ordering Appellant to pay the attorney's fees. Likewise, the court's order to withdraw funds, which is incorporated into the judgment, erroneously orders payment of the full $669.00 out of Appellant's inmate trust account. We sustain Appellant's sole issue.

## DISPOSITION

Where, on appeal, this court has the information necessary for reformation, the judgment will be reformed and corrected on appeal. *See Stokes v. State*, 688 S.W.2d 539, 542 (Tex. Crim. App. 1985). Accordingly, we *modify* the trial court's judgment and the order to withdraw funds to reflect that the amount of court costs is $369.00. As *modified,* we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered May 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 30, 2014**

**NO. 12-13-00132-CR**

**JASON BASS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1256-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment and the order to withdraw funds below be **modified** to reflect that the amount of court costs is $369.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*