**Affirmed as Modified and Opinion Filed January 22, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01419-CR**

**No. 05-16-01420-CR**

**No. 05-16-01421-CR**

**No. 05-16-01422-CR**

**No. 05-16-01423-CR**

**REGINALE ANTHONY AGERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause Nos. F14-15514-Y, F14-15515-Y, F14-15516-Y,
F14-15517-Y, F14-15531-Y**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

Appellant was convicted of four aggravated assault of a child offenses (the KG offenses)[1]

and one indecency with a child offense (the LM offense)[2], and was sentenced to seven years

imprisonment for each offense.

In ten issues, appellant argues that all judgments should be reformed to: (i) reflect that he

pled no contest and (ii) provide credit for the 167 days he served in juvenile custody. In eight

---

[1] Trial court cause numbers F14-15514-Y, F14-15515-Y, F14-15516-Y, and F14-1557-Y.

[2] Trial court cause number F14-15531-Y.

additional issues, he argues that the judgments for the KG offenses should be modified to delete the affirmative finding concerning the victim's age and that the evidence is insufficient to support the finding that KG was ten years old when appellant committed the offense. The State agrees with all of appellant's modification arguments. We thus modify the judgments and affirm as modified.

## I. ANALYSIS

### A. Issues One through Ten: Appellant's Plea and Juvenile Time Served

We first consider appellant's arguments concerning modification of the judgments to reflect his no contest plea and to provide credit for the 167 days he served in juvenile custody.

We have the authority to correct the trial court's judgment to make the record "speak the truth" when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2; *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). This includes the authority to reform a judgment to reflect credit for time served. *See Stoles v. State*, 688 S.W.2d 539, 542 (Tex. Crim. App. 1985).

Here, the record reflects that appellant pled no contest, and was in the custody of the Dallas County Juvenile Department from Nov. 22, 2012 through May 8, 2014.[3] When appellant was sentenced, the judge said that he would receive "all back time credit that [he] earned."

The judgments, however, state that appellant pled guilty. And while the judgments include credit for the time spent in custody after being certified as an adult, they do not include credit for juvenile custody time. We therefore sustain appellant's first ten issues and modify the judgments to reflect the no contest plea and to include credit for time served in juvenile custody from November 22, 2013-May 8, 2014.

---

[3] Appellant was initially detained as a juvenile and later certified as an adult.

**B.    Issues Eleven through Fourteen:   Affirmative Finding Concerning Victim's Age**

The judgments for the KG offenses include an affirmative finding that "The age of the victim at the time of the offense was 10 years."

The code of criminal procedure requires an affirmative finding that the victim of a sexually violent offense was younger than fourteen years of age.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.015(b).  A "sexually violent offense" includes aggravated sexual assault "committed by a person 17 years of age or older." *Id.* art. 62.001(6); *see also Munday v. State*, Nos. 09-15-00277-78-CR, 2017 WL 3082136, at * 6 n.5 (Tex. App.—Beaumont Apr. 24, 2017, no pet.) (mem. op., not designated for publication) (for affirmative finding to apply, state must prove defendant was seventeen or older when he committed the qualifying offense).

Appellant was born on September 25, 1996, and was sixteen when the KG offenses were reported to the police.  Although he was over the age of seventeen when he was convicted, nothing in the record shows that he was seventeen or older when he committed the offenses. Thus, the KG offenses did not qualify as sexually violent offenses and no affirmative age finding was required.   Therefore, we sustain issues eleven through fourteen and modify the KG judgments to omit the finding providing "The age of the victim at the time of the offense was ten years."  Our resolution of these issues obviates the need to consider appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## II.    CONCLUSION

We sustain issues one through fourteen and modify all judgments to reflect appellant's no contest plea and to include credit for juvenile custody time served from November 22-May 8, 2014.  We further modify the KG judgments (trial court cause numbers F14-15514-Y, F14-15515-Y, F14-15516-Y, and F14-1557-Y) to omit the affirmative finding providing "The age of the victim at the time of the offense was 10 years."

–3–

As modified, all judgments are affirmed.

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
161419F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGINALE ANTHONY AGERS,
Appellant

No. 05-16-01419-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F-1415514-Y.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified to reflect a no contest plea, to include credit for time served in juvenile custody from November 22, 2013-May 8, 2014, and to omit the affirmative finding providing "The age of the victim at the time of the offense was 10 years." As modified, the judgment is **AFFIRMED**.

Judgment entered January 22, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALE ANTHONY AGERS,
Appellant

No. 05-16-01420-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F14-15515-Y.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified to reflect a no contest plea, to include credit for time served in juvenile custody from November 22, 2013-May 8, 2014, and to omit the affirmative finding providing "The age of the victim at the time of the offense was 10 years." As modified, the judgment is **AFFIRMED**.

Judgment entered January 22, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALE ANTHONY AGERS,
Appellant

No. 05-16-01421-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F14-15516-Y.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified to reflect a no contest plea, to include credit for time served in juvenile custody from November 22, 2013-May 8, 2014, and to omit the affirmative finding providing "The age of the victim at the time of the offense was 10 years." As modified, the judgment is **AFFIRMED**.

Judgment entered January 22, 2018.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

REGINALE ANTHONY AGERS,
Appellant

No. 05-16-01422-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F14-15517-Y.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified to reflect a no contest plea, to include credit for time served in juvenile custody from November 22, 2013-May 8, 2014, and to omit the affirmative finding providing "The age of the victim at the time of the offense was 10 years." As modified, the judgment is **AFFIRMED**.

Judgment entered January 22, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALE ANTHONY AGERS,
Appellant

No. 05-16-01423-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F14-15531-Y.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified to reflect a no contest plea and to include credit for time served in juvenile custody from November 22, 2013-May 8, 2014. As modified, the judgment is **AFFIRMED**.

Judgment entered January 22, 2018.