**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00274-CR
NO. 09-23-00275-CR

_____

**KENNETH DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause Nos. 14,172 and 14,173**

**MEMORANDUM OPINION**

A jury found Kenneth Davis guilty of Indecency with a Child by Sexual Contact, a second-degree felony, and Continuous Sexual Abuse of a Child under Fourteen, a first-degree felony. *See* Tex. Penal Code Ann. §§ 21.11(a), (d)) (addressing indecency with a child); 21.02(b), (h) (addressing continuous sexual abuse of a child). The jury assessed Davis's punishment at twenty years imprisonment in the Texas Department of Criminal Justice for Indecency with a

1

Child and thirty years imprisonment for Continuous Sexual Abuse of Child under Fourteen. *See id.* §§ 12.32 (outlining first-degree felony punishment); 12.33 (outlining second-degree felony punishment). The trial court then ordered the sentences to be served consecutively. In a single issue on appeal, Davis argues that the trial court's cumulation order is legally insufficient, because the trial court's judgments fail to state the proper elements as required by law. We affirm as modified.

## Background

We limit our recitation of background facts to those necessary to resolve the issue on appeal. *See* Tex. R. App. P. 47.1 (requiring appellate courts to issue opinions as brief as practicable addressing every issue raised and necessary to the appeal's disposition). After Davis was convicted of Indecency with a Child by Sexual Contact and Continuous Sexual Abuse of a Child under Fourteen, the jury assessed Davis's punishment at twenty years and thirty years of imprisonment respectively. After the jury's punishment was announced the following exchange occurred.

> THE COURT: The Court is going to stack these sentences. If you'll present the judgment, the Court will sign it.
>
> (Recess).
>
> (Open Court, defendant present).
>
> THE COURT: Mr. Davis, on October – I'm sorry – on August the 14th, 2023, you came before a jury and plead "not guilty" to Cause Numbers 14173 and 14174.

2

[THE STATE]: I think it's 14172 and 14173.

THE COURT: 14172 and 14173, however, after a jury trial, the jury found you guilty of those offenses. The Court has received those verdicts; and the Court is at this time going to pronounce you guilty in Cause Number 14172, which was Indecency With a Child By Sexual Contact. The Court is going to find you guilty after receiving that verdict in Cause Number 14173. You're going to be sentenced to 20 years in the penitentiary for Cause Number 14173 and 30 years for Cause Number –

[THE STATE]: It's the other way around. The cause numbers are incorrect.

THE COURT: I want to get this correct. Give me those. 172 is the indecency – the Court is going to sentence you to 20 years in 172, which is 14172, and 30 years in 14173, which is sexual abuse of a child continuous with a victim under 14 years of age. Those two sentences are going to be stacked. So, they will be consecutive sentences. And with that, once we get the judgment signed, he'll go – he'll go with the sheriff's department and there are no victim impact statements at this time; is that correct?

[THE STATE]: Correct.

THE COURT: No one intends to give a victim impact statement. So, you can have a seat.

[DEFENSE COUNSEL]: May we be excused, Judge?

THE COURT: I'd like to get thumb prints on these judgments.

The trial court then signed two judgments in this case. First, in cause number 14,172 for Indecency with a Child by Sexual Contact the trial court ordered Davis be sentenced to twenty years imprisonment in the Texas Department of Criminal Justice, and "THIS SENTENCE SHALL RUN: CONSECUTIVE." Second, in cause

3

number 14,173 for Continuous Sexual Abuse of Child under Fourteen, the trial court ordered Davis be sentenced to thirty years imprisonment in the Texas Department of Criminal Justice, and "THIS SENTENCE SHALL RUN: CONSECUTIVE." Davis then timely appealed.

## Issue

In a single issue, Davis contends that the trial court's cumulation order contains none of the requisite elements for imposition of such an order. Specifically, Davis argues that the trial court's order fails because "[n]either the written cumulation order nor the oral cumulation order made in open court…have any description of convictions which gives sufficient notice to the defendant or the Texas Department of Corrections."

When a defendant has two or more convictions, the trial court may order that the sentences run concurrently or consecutively.[1] *See* Tex. Code Crim. Proc. Ann. art. 42.08(a). Recommended elements for a valid cumulation order include: (1) the cause number of the prior conviction; (2) the correct name of the trial court where

---

[1]Generally, section 3.03 of the Texas Penal Code requires concurrent sentences if the State prosecutes the defendant for conduct that arises out of the same criminal episode when the defendant is prosecuted in a single criminal action. Tex. Penal Code Ann. § 3.03(a). However, Penal Code section 3.03(b) includes several exceptions to the general rule requiring concurrent sentencing, and the exception pertinent to Davis's case addresses defendants who are convicted of sexually assaulting victims who were younger than 17 when the assault occurred. *Id.* § 3.03(b)(2).

the prior conviction was imposed; (3) the date of the prior conviction; (4) the term of years of the sentence imposed for the prior conviction; and (5) the nature of the prior conviction. *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985). The trial court need not include all five elements in its cumulation order. *Id*.

At the conclusion of the punishment phase of trial, the trial court stated:

I want to get this correct. Give me those. 172 is the indecency – the Court is going to sentence you to 20 years in 172, which is 14172, and 30 years in 14173, which is sexual abuse of a child continuous with a victim under 14 years of age. Those two sentences are going to be stacked.

The trial court's judgments states the following in each cause number.

Cause Number 14,172:

"This SENTENCE SHALL RUN: CONSECUTIVE."

Cause Number 14,173:

"THIS SENTENCE SHALL RUN: CONSECUTIVE."

"When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "A valid cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice -- Institutional Division (TDCJ -- ID), to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (citation omitted). A cumulation order that only refers to a cause number is sufficient if the sentencing

5

order is from the same court. *See id.*; *Hamm v. State*, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974) (citations omitted).

Here, although the sentences are from the same court, the judgments cumulating the sentences did not include the cause numbers. The State contends that the record contains ample information for this Court to reform the trial court's cumulation order. We agree. An appellate court may modify a cumulation order when the record contains the necessary data needed for reformation. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Revels v. State*, 334 S.W.3d 46, 56 (Tex. App.—Dallas 2008, no pet.). Because this record contains sufficient data to allow for reformation of the trial court's cumulation order, we modify the judgments to state:

> Cause Number 14,172:
>
> The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin before the August 17, 2023 judgment and thirty-year sentence in cause number 14,173 in the 1A District Court of Tyler County involving Continuous Sexual Abuse of a Child under Fourteen.
>
> Cause Number 14,173:
>
> The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the August 17, 2023 judgment and twenty-year sentence in the following case has ceased to operate: cause number 14,172 in the 1A District Court of Tyler County involving Indecency With a Child by Sexual Conduct.

*See Revels*, 334 S.W.3d at 56.

6

We affirm the trial court's judgments as modified.

AFFIRMED AS MODIFIED.

KENT CHAMBERS<br>Justice

Submitted on March 25, 2025
Opinion Delivered April 23, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.